## Lizzie McGurton, Appellee, v. Monarch Electric & Wire Company, Appellant.

### Gen. No. 15,065.

MASTER AND SERVANT—*what essential to recover for injuries sustained while cleaning machinery.* In order that a servant may recover for an injury sustained while cleaning machinery in pursuit of his ordinary duties it is essential that it be established (1) that to clean such machine was dangerous, (2) that such danger was known to the master and (3) that it was not known to the servant.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed. Opinion filed October 21, 1910.

F. J. CANTY and R. J. FOLONIE, for appellant.

JOSEPH P. EAMES and GEORGE E. GORMAN, for appellee.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $1,000 rendered in favor of the plaintiff for personal injuries. Two former verdicts for $1,500 each in favor of the plaintiff had been set aside and new trials granted. Under these circumstances, we should be loath to reverse this judgment based on a third verdict in her favor if there were any evidence under which it could be sustained. In our judgment, however, no case has been proven against the defendant.

The facts are simple and, as the defendant introduced no evidence, there is no controversy in regard to them.

Plaintiff, a mature and experienced woman, had been employed by defendant on so-called braider machines for three to four weeks, after having worked elsewhere on similar machines. These machines were used to insulate copper wires. She had charge of eleven of them, all in a row on a table three or four feet high, operated by power transmitted through a

shaft. The power was connected with each machine by means of a lever; to start the machine, it was necessary to raise the lever and then to push it. On the day in question, while the main shaft was in operation, only three of the eleven machines were running. Plaintiff pursuant to directions of the foreman, was cleaning the other eight which had been disconnected and stopped. She had finished seven and was working on the eighth, when it started to run, thereby seriously injuring one of her fingers. There is no direct evidence whatsoever as to what caused the machine to start. No one but the plaintiff was anywhere near it. She testified that she did not start it. It therefore either started automatically because it was out of order or plaintiff unintentionally started it. There is however not the slightest proof that it was in any respect out of order, and on the evidence, no jury would have been justified in so finding. There is therefore no evidence of any negligence on the part of defendant unless it be, as plaintiff claims, in directing the machine to be cleaned, not at the usual time between 12 and 1 o'clock on Saturday, after the power that operated the main shaft, had been stopped, but at 10 o'clock while the power was on.

The count on which plaintiff relies is as follows:

"Plaintiff avers that defendant on the day and year last aforesaid required of plaintiff that she clean out from said braider material which had accumulated therein and utterly failed and neglected to warn plaintiff of the danger of so doing and in disregard of its duty in that behalf failed and neglected to turn off or stop the power with which said braider was connected while she was so doing; that the plaintiff while then and there cleaning said braider as defendant had directed, and while working with all due care and caution for her own safety, was then and there, by reason of the negligence of the defendant in failing to turn off or stop said power at that time and in failing to warn plaintiff of said danger, greatly injured in her person by said braider, that is, her left hand was caught in the machinery of said braider and one of the fingers thereof completely severed."

To sustain this count plaintiff must prove (1) that to clean out the machine at that time was dangerous; (2) that this

danger was known to defendant, and (3) that it was not known to plaintiff. The contention that proof of a custom to clean the machine after the power was stopped is in itself sufficient proof that it was dangerous and that defendant knew that it was dangerous to clean it at other times, cannot be maintained. The power in the main shaft could not be transmitted to the machine without the intervening acts of raising and pushing the lever. There was no inherent danger in cleaning the stopped machine. The only danger to any one, either cleaning or in any manner handling the machine, while the main shaft was running, would arise, if by some human agency or because of some defect, this power was transmitted to the machines. But this danger while known to defendant, was equally known to plaintiff. Both knew that if the machine started while she was cleaning it, there was danger. Neither knew anything and there was nothing proven that could give rise to an apprehension that the stopped machine would start without some act intentional or otherwise of plaintiff, in raising the lever.

The mere failure to turn off the power is therefore in no sense the cause of the injury; the order to clean the stopped machine while the power was on the main shaft is not shown to have been either negligent or in any manner a dereliction of any duty owing the plaintiff from the defendant.

This is one of those sad cases that, under modern legislation in many jurisdictions, are compensated for on the theory that the business rather than the employe must stand the risk of accidental injuries or even of injuries due in some measure to an employe's negligence. The rule of the common law however is otherwise and it is our duty to apply it to the facts in the case.

The judgment will therefore be reversed.

*Reversed.*